IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Charles Raymond Matlock, Jr., ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| vs. ) | |
| ) | |
| GE Capital Retail Bank f/k/a GE Money Bank ) | |
| ) | |
| Serve at: ) | |
| GE Capital Retail Bank ) | |
| 170 W. Election Road, Suite 125 ) | |
| Draper, UT 84020 ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Charles Raymond Matlock, Jr., by and through his attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in his Complaint for Damages states and alleges to the Court as follows:

**INTRODUCTION**

1. This case seeks relief for Plaintiff from Defendant's willful consumer reporting violations in connection with a debt Plaintiff discharged during his bankruptcy. In short, Defendant violated the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. § 1681s-2(b) by failing to properly conduct a reasonable reinvestigation and correct the reporting mistakes on Plaintiff's Equifax credit report after Plaintiff disputed the inaccurate information to Equifax. This failure continued after multiple notices from the bankruptcy court and even after Defendant was notified by Equifax of Plaintiff's dispute that the debt was included in the bankruptcy. Defendant's conduct is not only a violation of the FCRA, but Defendant's willful and

1

unreasonable behavior, resulted in, among other things, Plaintiff's emotional distress, humiliation, and inconvenience and a hindrance to his bankruptcy fresh start. Plaintiff is asserting claims for the greater of actual damages or statutory damages, punitive damages, attorneys' fees and the costs of this action.

## JURISDICTION AND VENUE

2. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

3. Venue in this Court is proper in that Defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

## PARTIES AND SERVICE

4. Charles Raymond Matlock, Jr. (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Missouri.

5. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

6. Defendant GE Capital Retail Bank, f/k/a GE Money Bank, hereafter ("**Defendant**"), was and is a corporation conducting business in Missouri and may be served at its corporate headquarter located at 170 W. Election Road, Suite 125, Draper, UT 84020.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. On March 21, 2008, Plaintiff filed a Chapter 13 Bankruptcy in the Western District of Missouri, Case No. 08-41024-can13.

8. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on March 26, 2008, showing Defendant was sent numerous notices of Plaintiff's bankruptcy due to multiple accounts with Defendant.

9. The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

10. Plaintiff received his discharge on January 29, 2013, and his Chapter 13 bankruptcy was closed on March 27, 2013.

11. The Notice of Discharge of Debtor After Completion of Chapter 13 Plan was entered on January 29, 2013, showing Defendant was sent numerous notices of Plaintiff's discharge.

12. The BNC Certificate of Mailing of the Notice of Discharge of Debtor After Completion of Chapter 13 Plan is attached as Exhibit B.

13. On or around August 2013, Plaintiff requested his credit reports to review his credit.

14. After reviewing his credit reports, Plaintiff became aware that Defendant was misreporting information on his credit reports for several accounts held by Defendant which were discharged in Plaintiff's bankruptcy.

15. Defendant was reporting incorrectly on Plaintiff's Equifax and TransUnion credit reports, not the least of which was an Outstanding Balance of $1,326.00 and a Past Due Balance of $256.00 on Plaintiff's Equifax credit report.

16. The pertinent page of Plaintiff's Equifax credit report is attached as Exhibits C.

17. However, Plaintiff discharged all accounts with Defendant through his chapter 13 bankruptcy.

18. Accordingly, Defendant, if it reported Plaintiff's account at all, should have been reporting that Plaintiff's account balance was $0.00 with no past due amounts.

19. On September 6, 2013, Plaintiff sent a letter, with his bankruptcy discharge attached, to Equifax and TransUnion disputing Defendant's incorrect reporting in accordance with 15 U.S.C. § 1681i.

20. Copies of Plaintiff's dispute letters are attached as Exhibit D.

21. Both Equifax and TransUnion sent a Consumer Dispute Verification to Defendant as required by 15 U.S.C. § 1681i.

22. Defendant deleted the account on Plaintiff's TransUnion credit report.

23. However, Defendant failed to correct the balance reported on Plaintiff's Equifax credit report. The incorrect report is attached as Exhibit E.

24. Accordingly on October 18, 2013, Plaintiff sent a second letter to Equifax disputing Defendant's incorrect reporting in accordance with 15 U.S.C. § 1681i. A copy of the second dispute letter is attached as Exhibit F.

25. Equifax triggered an Automatic Consumer Dispute Verification to Defendant as required by 15 U.S.C. § 1681i.

26. Defendant again failed to correct the balance reported on Plaintiff's Equifax credit report. The incorrect report is attached as Exhibit G.

27. Despite the receipt and knowledge of Plaintiff's dispute letters, Defendant was still willfully misreporting to Equifax an outstanding Balance of $1,326.00 and a Past Due Balance of $256.00.

28. Defendant's failure to conduct a reasonable investigation of Plaintiff's account, as reported to Equifax, was a substantial factor causing Plaintiff's emotional distress, frustration,

missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driven in order to tend to this matter, inconvenience and the hindrance to his fresh start entitled under the Bankruptcy Code.

## FCRA LAW COMMON TO ALL COUNTS

29. Defendant qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

30. The FCRA prohibits furnishers of information to credit reporting agencies to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

31. Delinquencies, account balances, and other repayment information on a loan is consumer report information to credit reporting agencies within the purview of the FCRA.

32. The FCRA also provides privately enforceable duties limited to the formal process where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the credit reporting bureau (hereafter "**CRA**"). 15 U.S.C. § 1681i.

33. After receipt of a disputed account from the CRA, a furnisher's duty is to review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

34. The courts have consistently adopted that the standard of the furnisher's reinvestigation must be evaluated under a reasonable investigation standard.

35. This standard will be evaluated from a number of factors.

36. One specific obligation is that the furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

37. In addition, the furnisher must also consider other information available to it,

including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

38. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a consumer reporting agency. Regardless of which consumer reporting agency notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other consumer reporting agencies, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

39. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

40. The plaintiff need not show that the erroneous negative information is the only cause of the loss of a credit opportunity, but only that it was a substantial factor. *Id.*

41. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. § 1681n.

42. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

## CAUSES OF ACTION

### COUNT I
**(Violations under the Fair Credit Reporting Act reporting to Equifax)**

43. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

44. After receiving multiple notices from the Bankruptcy Court, receiving notice of Plaintiff's two dispute letters from Equifax, and knowingly fixing Plaintiff's TransUnion credit report after his dispute, by conducting a minimally reasonable reinvestigation, Defendant should have properly updated the information reported on Plaintiff's account to Equifax.

45. As a result of Defendant's failure to conduct a reasonable reinvestigation, Defendant caused Plaintiff to incur emotional distress, frustration, inconvenience, time and expense.

46. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

47. Plaintiff's actual damages include but are not limited to, Plaintiff's emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driven in order to tend to this matter, inconvenience and the hindrance to his fresh start entitled under the Bankruptcy Code.

48. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

49. Defendant was notified multiple times of Plaintiff's bankruptcy, and nonetheless furnished inaccurate account information to Equifax.

50. Defendant was further notified by Equifax of Plaintiff's two dispute letters requesting a reinvestigation that it was reporting inaccurate information on Plaintiff's credit report.

7

51. Yet, Defendant elected to ignore that information and refused to correct Plaintiff's Equifax credit report, despite fixing Plaintiff's TransUnion credit report.

52. The purpose of the reinvestigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

53. Defendant's failure to have proper procedures in place to conduct a reasonable investigation of Plaintiff's account illustrates a reckless disregard for Plaintiff's rights under the FCRA.

54. Defendant's failure to conduct a reasonable investigation and correct the information Defendant is furnishing to Equifax concerning Plaintiff's account constitutes a willful violation of the FCRA.

55. Willfulness is further evidenced by Defendant's knowledge and correction of the improper reporting to Plaintiff's TransUnion credit report.

56. Defendant fails to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

57. This failure is compounded by Defendant's failure to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Charles Raymond Matlock, Jr. respectfully requests this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Removal of all misreported accounts from all of Plaintiff's credit reports;

f. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*/s/* Chelsea S. Springer

Chelsea S. Springer #51089
The Law Offices of Tracy L. Robinson, LC
1125 Grand Boulevard, Suite 1300
Kansas City, MO 64106
Phone: (816) 842-1317
Fax: (816) 842-0315
admin@tlrlaw.com
Attorney for Plaintiff